### HINSDALE BRIDGE and sixth N. H. TURNPIKE CORPORATION *versus* DEXTER WARREN.

An act of the legislature, created a turnpike corporation and authorised the taking of certain tolls, with a proviso, that no toll should be taken until a certain sum had been expended on the road.   After the road  was  made, and a gate erected, another act of the legislature authorised the  corporation to take certain tolls at the gate thus erected ; and it  was held, that, after this, the corporation might take toll at the gate, whether the sum  mentioned in the first act had been expended upon the road, or not.

TRESPASS for breaking open the turnpike  gate.    The cause was tried, upon the general issue, at January term, 1832, in the court of common  pleas.

The plaintiffs produced a  charter,  granted  June  17, 1802, constituting them  a  corporation,  and authorizing them to make, and keep in repair, a turnpike  road,  not less than four rods wide.

It was provided, in the charter, that no toll  should be taken until a sum, equal  to $600 for  each  mile  of  the turnpike, was expended upon the road ; and that no gate should be erected, upon any part of the turnpike, which, at the date of the charter, was a travelled highway.

It was proved, on the part of  the  plaintiffs,  that they

made the road, and, in 1805, erected the gate and continued the same on the road from that time down to the time of the trial. They also proved that the defendant broke the gate and passed.

On the part of the defendant it was objected that it did not appear that a sum, equal to $600 for every mile, had been expended upon the road ; that the gate was erected on a highway which was travelled at the date of the charter ; that the road was not laid out under the charter, and that it was not four rods wide.

The plaintiffs then produced an act of the legislature, passed on the 12th June, 1812, by which it was enacted " that it shall and may be lawful for said corporation to collect and receive of and from all and every person travelling said road, at the turnpike gate erected upon said road, the rates of toll following," &c.

A verdict was taken for the plaintiffs subject to the opinion of the court upon the above case.

*Chamberlain*, for the plaintiffs.

*Wilson, Jr.* for the defendant.

*By the court.** The exceptions taken by the defendant, in this case, cannot avail him. The last act of the legislature, in relation to this corporation, authorised the taking of toll at the gate which had then been erected, and, as an incident to this, gave the right to maintain the gate as a proper instrument to enable them to collect the toll.

Whether toll could now be legally exacted, if the act of 1812 had not been passed, it is unnecessary to enquire, because, whether they had complied with the requisitions of the first act or not, and whether the gate was erected on what was a highway when the first act passed or not, the legislature had an undoubted right to authorize the corporation to take toll at the gate, and the breaking of the gate was an injury to the plaintiffs for which they are entitled to redress.

*Judgment on the verdict.*